## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Case No. 13-cv-02344-WJM-MJW

FEDERAL DEPOSIT INSURANCE
CORPORATION, as RECEIVER OF NEW
FRONTIER BANK, GREELEY, COLORADO,

      Plaintiff,

v.

KANSAS BANKERS SURETY COMPANY,
a Kansas corporation,

      Defendant.

---

## PROTECTIVE ORDER    [ Docket No 25-1 ]

The Federal Deposit Insurance Corporation, as Receiver ("FDIC") of New Frontier Bank,

Greeley, Colorado ("NFB" or "Bank"), and Kansas Bankers Surety Company ("KBS"),

collectively referred to as the "Parties," have agreed to the provisions of this Agreed Protective

Order. For good cause shown, pursuant to Fed. R. Civ. P. 26(c), and the Parties' joint motion

[Doc. No.25]:

**IT IS HEREBY ORDERED THAT:**

1.    **Confidential Documents.** The Parties contemplate that during the course of this

action they might produce to one another certain Confidential Documents (as hereafter defined)

in their possession. The term "Document" as used herein is comprehensively defined to be

synonymous in meaning and equal in scope to the usage of the term in Rule 34(a) of the Federal

Rules of Civil Procedure, which defines "document" to include writings, drawings, graphs,

charts, photographs, images, and other data compilations stored in any medium from which information can be obtained. The term "Confidential Document" shall specifically mean:

(a)   **Personal Information.** "Personal information" shall mean: account information, customer bank records, signature cards, bank statements, general ledger entries, deposit information, and related records or documents that contain any names, addresses, account numbers, social security numbers, dates of birth, or other identifying information or personal information (including personal financial information, such as but not limited to loan applications, financial statements and credit reports, business and personal state and federal income tax forms) protected from public disclosure by statute or regulation or otherwise under applicable law.

(b)   **Regulatory Documents.** "Regulatory documents" shall mean all documents and information related in any way to the regulation or supervision of New Frontier Bank, Greeley, Colorado (the "Bank"), including but not limited to, reports of examination or inspection, regulatory correspondence, reports, orders, memoranda, or agreements by, from, or with the FDIC in its corporate capacity or any other state or federal bank or holding company regulatory agency or authority, but does not include any document that is publically available.

(c)   **Receivership Documents.** "Receivership documents" shall mean documents or information related to the FDIC's appointment or service as receiver of the Bank, including, but not limited to, any information on loss or estimates of such loss, but does not include any document that is publically available.

(d)   **Confidential Business Information.** "Confidential Business Information" shall mean any proprietary document or information relating to the business of a Party, which

constitutes, reflects, or discloses a trade secret, proprietary data, commercially sensitive information, or other information which is confidential under applicable law.

(e) **Previously Produced Documents.** "Previously Produced Documents" shall mean any Confidential Document that was produced subject to agreement between KBS and the FDIC dated July 22, 2010 (the "Confidentiality Agreement"). The terms of this Agreed Protective Order shall supersede the Confidentiality Agreement for the purposes of this Litigation (but shall otherwise remain in force) and the parties' conduct in this Litigation shall be governed by the terms of this Agreed Protective Order.

Any Producing Party (as defined below) may invoke the protections of this order and may also apply to the Court for an order to supplement the foregoing categories of Confidential Documents or to designate particular documents not within the foregoing categories as Confidential Documents, provided that such documents are eligible for protection under Fed. R. Civ. P. 26(c).

The term "Confidential Document" shall specifically not include any information that (i) is or becomes generally available to the public other than as a result of communication or disclosure by any party, its counsel, its agents, or any individual or entity identified in Paragraph 5 below in contravention of this Protective Order; or (ii) is disclosed to one or both of the Parties, their counsel, their agents, or any individual or entity identified in Paragraph 5 below, by a third-party who learned or acquired the information under circumstances or by means not requiring the third party to preserve the confidentiality of the information.

2. **Definitions.** Any person or entity who discloses and/or produces any discovery material, and any person or entity who generated any discovery material or created or provided any information that is contained in any discovery material, regardless of whether that person or entity is a Party or non-party, shall be referred to herein as a "Producing Party." The term

"Litigation" used herein shall mean the above-styled cause, including without limitation any and all claims, counterclaims, cross-claims and defenses asserted by a Party. The term "Bond" shall mean that certain Financial Institution Crime Bond, No. 14470 CO, issued by KBS to the Bank.

3.      **Designation of Confidential Documents.** Any Producing Party may designate any Document as a "Confidential Document" under the terms of this Protective Order if such Party in good faith believes that the Document contains information of any kind described in Paragraph 1(a)-(d). The designation of discovery material as a "Confidential Document" for purposes of this Protective Order shall be made in the following manner by any Producing Party:

(a)      in the case of documents, exhibits, briefs, memoranda, interrogatories, or other materials (apart from depositions or other pretrial testimony): by stamping or otherwise affixing the word "Confidential" to each page containing such confidential informaitom or matierial without obscuring any writing, mark, communication, or depiction contained in the document; and

(b)      in the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel for the Producing Party or any other Party to the Litigation, at the time of or immediately following such disclosure; or (ii) by written notice, sent by such counsel to all parties within fifteen days after receiving a copy of the transcript thereof, whichever occurs earlier; and in both of the foregoing instances, by directing the court reporter that an appropriate confidential legend be affixed to the original and all copies of the transcript.. The provisions of this Protective Order do not apply to disclosures made during the course of a deposition; any party may use Confidential Documents as exhibits during a deposition.

4.    **Savings Provision.** Failure to designate any information as Confidential Documents pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within ten days of the Producing Party's discovery of the inadvertent failure to so designate. At such time, arrangements shall be made for substitution of copies properly labeled as Confidential. Disclosure of Confidential Documents prior to any later designation as provided in this Paragraph shall not be a violation of this Protective Order. In the event that disclosure of Confidential Documents has taken place prior to such later designation, the person making such disclosure shall make reasonable efforts to retrieve the Confidential Documents promptly or, if such efforts fail, to advise each recipient that the Confidential Documents are subject to this Order.

5.    **Permitted Use and Disclosure of Confidential Documents.** Except as permitted below, Confidential Documents shall be used solely for the purposes of the Litigation and shall not be used for any other purpose, including, without limitation, any business, proprietary or commercial purpose. Confidential Documents may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a)    witnesses in the Litigation and such witnesses' counsel, including former employees, directors, or officers of the Bank and their counsel;

(b)    outside counsel of record and staff of KBS and KBS officers, directors, in-house attorneys, investigators, agents, and executives having any involvement with, assisting in connection with, monitoring, reviewing, or making any decision or determination in connection with, in regard to, or related to the Litigation or proceedings arising out of or related to the Litigation and/or the Bond;

(c)     outside counsel of record and staff of the FDIC and the FDIC's officers, directors, in-house attorneys, investigators, agents, and executives having any involvement with, assisting in connection with, monitoring, reviewing, or making any decision or determination in connection with, in regard to, or related to the Litigation or proceedings arising out of or related to the Litigation and/or the Bond.

(d)     experts or consultants and their employees retained by a Party and/or their respective counsel to assist a Party in connection with the Litigation or proceedings arising out of or related to the Litigation and/or the Bond;

(e)     clerical, ministerial, or litigation support service providers, such as outside copying support, electronic discovery, or trial presentation or graphics personnel retained by a Party and/or their respective counsel to assist a Party in the Litigation or proceedings arising out of or related to the Litigation and/or the Bond;

(f)     court reporters employed in connection with the Litigation or proceedings arising out of or related to the Litigation and/or the Bond;

(g)     reinsurers, auditors, independent consultants, or any other person to whom a Party may be required to respond or report in their ordinary course of business regarding the the Litigation or proceedings arising out of or related to the Litigation and/or the Bond;

(h)     regulators to which a Party may be required to respond or report in the ordinary course of business regarding the Litigation or proceedings arising out of or related to the Litigation and/or the Bond;

(i)     persons, if any, to whom the FDIC may be required to make Confidential Documents available under the Freedom of Information Act ("FOIA") or the FDIC's

FOIA regulations, 12 C.F.R. § 309.5, upon receipt of a proper FOIA request for such information;

(j)      individuals and entities permitted access to exempt information held by the FDIC under 12 C.F.R. § 309.6;

(k)      the Court in this Litigation, and its employees, staff and supporting personnel, including, but not limited to, law clerks, the Court Clerk and Deputies, jurors and alternate jurors;

(l)      any other person, but only upon order of this Court or with advance written permission of the Producing Party.

Before a non-producing Party gives access to Confidential Documents, or information contained therein, to any recipient of a kind described in Paragraphs 6(a), 6(d), 6(g) (unless such recipient in category (g) is already subject to substantially similar confidentiality requirements), the non-producing Party shall first provide a copy of this Protective Order to the recipient and obtain the recipient's agreement, by executing the written Agreement to Maintain Confidentiality in the form attached hereto as Exhibit A, to keep the Confidential Documents confidential as contemplated by the terms of this Protective Order or such other Protective Order as the producing Party shall have approved in writing before the non-producing Party gives such access to such recipient(s).  However, no party shall be liable for a violation of this Order by such recipient.   ~Restricted Access~

6.      **Filing Under Restricted Access.** All documents of any nature that have been designated as a "Confidential Document" and that are filed with the Court, and any briefs or other papers that disclose information that has been designated a "Confidential Document" shall be filed with the Court with a request that they be filed under ~~seal~~ Restricted Access and remain under ~~seal~~ Restricted Access until such time as the

MJW 11-4-13

Court orders otherwise. All Confidential Documents, as well as any pleadings, motions (including responses and replies), briefs or other papers quoting or discussing confidential information contained within a "Confidential Document" that are requested to be filed under ~~seal~~/shall ~~be deemed to retain Level 1 Restriction access (to the Court and parties only) without the necessity of filing a motion to restrict access under~~ D.C.COLO.LCivR 7.2.

*[handwritten: Restricted Access]*
*[handwritten: Consistent with]*
*[handwritten margin: MJW 11/4/13]*

7.    **Challenge to Confidential Designation**. Any party may challenge the propriety of the designation of discovery material as "Confidential Document" at any time by providing written notice to the Producing Party. The notice shall either attach a copy of each document marked "Confidential Document" that is subject to challenge or identify such document by production number or other appropriate designation, and state that the challenging Party objects to the designation of such document as a "Confidential Document." Within five days of service of the notice, the objecting Party and the Producing Party shall attempt in good faith to resolve any challenge on an informal basis. If an agreement cannot be reached within ten days of such notice, the person challenging the "Confidential Document" designation may file a motion to challenge the designation of such documents or information as "Confidential Documents." The Confidential Documents will continue to be protected by the terms of this Protective Order unless and until the Court orders otherwise. In the event a challenge to the designation of documents or testimony as "Confidential Documents" is filed, the burden of establishing the propriety of the designation is on the Producing Party.

8.    **Reservation of Rights.** The Parties do not waive any evidentiary objection, privilege or right, including, but not limited to, the attorney-client privilege and work product doctrine, concerning any documents or information produced pursuant to this Protective Order. Further, neither agreeing or complying with this Protective Order, nor producing or receiving

Confidential Documents shall be deemed to be determinative of what a trier of fact may determine to be confidential nor shall it prejudice in any way the rights of:

(a)     any Party or non-party to object to the production of documents it considers privileged or otherwise not subject to discovery, or operate as an admission by any Party or non-party that the restrictions and procedures set forth in this Protective Order constitute adequate protection for any information deemed by any Party to be Confidential Documents;

(b)     any Party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Protective Order;

(c)     a Party or non-party to seek a determination by the Court of whether any Confidential Documents should be subject to the terms of this Protective Order; and

(d)     a Party or non-party to petition the Court for a further protective order relating to any purportedly confidential information.

9.     **Modification**. It is the intention of the Parties that the provisions of this Protective Order shall govern discovery in this Litigation as well as the use of documents after discovery has concluded. Nonetheless, each Party shall be entitled to seek modification of this Protective Order, first by attempting to obtain the other Party's consent to such modification, and then, absent consent, by application to this Court.

10.     **Duration.** The provisions of this Protective Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of this Litigation, including without limitation any subsequent appeals. Upon the final resolution of this Litigation, either by settlement or by entry of a final, non-appealable judgment governing the Parties' rights and obligations under the Bond, or otherwise, a Party

receiving Confidential Documents and such Party's counsel may retain a copy of any Confidential Documents as deemed reasonably necessary, including as reasonably necessary to comply with ethical obligations of counsel, business requirements, future requests for review by reinsurers, auditors and regulators, or as necessary to exercise or enforce any subrogation rights. Such Party shall promptly return to the Producing Party all other Confidential Documents not required for such purposes. A Party receiving Confidential Documents and its counsel shall maintain the confidentiality of all such Confidential Documents retained by such Party or its counsel pursuant to this paragraph in accordance with this Protective Order, until such documents are destroyed, which shall occur no later than twenty years after the close of the Party's claim file, or within such period then required by such Party's standard record destruction procedures, or thereafter if the documents are then subject to any applicable litigation hold, or thereafter if the documents are then subject to any other document or information hold required by any law, governmental body, or court order. This paragraph does not apply to any documents or information produced to a Party without the limitations set forth in this Protective Order, or to documents or information otherwise obtained by either Party in a manner that is not in violation of this Protective Order.

11.   **Producing Party's Control of Its Own Confidential Documents.** Nothing in this Protective Order shall be construed to prevent a Producing Party who has designated material as Confidential Documents from using such documents as it deems appropriate or from agreeing to release any such material or information from the requirements of this Protective Order, and upon any such release, it shall promptly notify the other Party in writing. A Producing Party's rights pursuant to this Protective Order may only be waived by a writing clearly evidencing intent to waive such rights.

**IT IS SO ORDERED** this __4 TH__ day of November 2013.

MICHAEL J. WATANABE
UNITED STATES MAGISTRATE JUDGE

{1193258;}                                       11

AGREED:


/s/ David L. Bryant
David L. Bryant
**GableGotwals**
Counsel for Plaintiff,
Federal Deposit Insurance Corporation,
as Receiver of New Frontier Bank


/s/ Rebecca S. Yocum
Rebecca S. Yocum
**Bottaro, Morefield, Kubin & Yocum, PC**
Counsel for Defendant,
Kansas Bankers Surety Company