IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02344-WJM-MJW

FEDERAL DEPOSIT INSURANCE CORPORATION, as
RECEIVER OF NEW FRONTIER BANK, GREELEY, COLORADO,

Plaintiff(s),

v.

KANSAS BANKERS SURETY COMPANY,

Defendant(s).

---

**ORDER REGARDING
PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S PRODUCTION OF
DOCUMENTS AND BRIEF IN SUPPORT (DOCKET NO. 45)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiff's Motion to Compel Defendant's Production of Documents, and Brief in Support (docket no. 45). The court has reviewed the subject motion (docket no. 45), the response (docket no. 47), and the reply (docket no. 48). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That in the subject motion (docket no. 45), plaintiff seeks an Order from this court compelling defendant to respond fully to plaintiff's request for production ("RFP") nos. 14, 20, 21, 22, 23, 24, and 25;

5. That in the response (docket no. 47), defendant has articulated specific objections to each disputed RFP listed above;

6. That as to RFP no 14, plaintiff now argues in the subject motion (docket no. 45) that it is only seeking discovery of certain defendant documents responsive to RFP 14, specifically documents: (1) that concern the **"active and conscious purpose"** provision of the Bond or its disclaimer that the Bond is a **"statutory bond,"** and (2) were published, provided, or made available to its few agents/brokers, insurance or banking regulators, defendant customers, or banking trade organizations (e.g., state or national bankers associations) for the time period from 2001 to 2009. Plaintiff further argues that such documents are relevant on the proper construction of the term **"active and conscious purpose"** which plaintiff argues is ambiguous. Furthermore, plaintiff seeks only documents reflecting actual written dialog between defendant and claimants, and only if it concerns the interpretation, meaning, or effect of the "active and conscious purpose" provision or the

3

"statutory bond" issue. Lastly, plaintiff argues that confidentiality is a non-issue since this court entered a protective order on November 4, 2013 (docket no. 29), and plaintiff previously agreed to defendant's redaction of customer names if defendant deems it critical.

Defendant argues that RFP no. 14 is overly broad, unduly burdensome, irrelevant to any claim in the lawsuit, and is not reasonably calculated to lead to the discovery of admissible evidence. This court finds that defendant's objections should be overruled at this stage [i.e., discovery phase] of this litigation. Ultimately, Judge Martinez will have to make a determination as to whether the term **"active and conscious purpose"** is ambiguous. However, the scope of discovery is much broader than admissibility of evidence at trial, and plaintiff has demonstrated that the requested discovery in RFP no. 14 is relevant to the issues in this case, not overly board or burdensome, and may lead to admissible evidence at trial; and

7. That as to RFPs nos. 20 through 25, inclusive, I find that the objections articulated by defendant as to these RFPs are without merit. Accordingly, such objections are denied.

4

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Plaintiff's Motion to Compel Defendant's Production of Documents, and Brief in Support (docket no. 45) is **GRANTED**;

2. That defendant shall provide to plaintiff full and complete responses to plaintiff's RFPs nos. 14, 20, 21, 22, 23, 24, and 25 on or before March 28, 2014, within the scope outlined in paragraph 6 above; and

3. That each party shall pay their own attorney fees and costs for this motion since this court finds under the facts and circumstances of this discovery dispute that an award of expenses would be unjust.

Done this 11th day of March, 2014.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE